## MUNN *a*. BARNUM.

*Supreme Court, First District; Special Term, January*, 1856.

JUDGMENT.—LIEN ON REAL ESTATE.—"SECURED ON APPEAL."

The sureties upon an appeal are entitled to notice of an application on the part of the appellant for an order, under section 282 of the Code, directing an entry on the docket, that the judgment is secured on appeal.

It is discretionary with the court to grant such an order.

When the papers were not sufficiently full to enable the court to grant an application for such an order—*ordered* that the case might be referred.

Motion for an order directing the clerk to make an entry upon the docket of a judgment that the same was secured on appeal.

Judgment having been recovered in this action* by the plaintiff against the defendant, the defendant appealed to the general term. The undertaking requisite to stay execution of the judgment was given and the appeal perfected. The defendant being desirous to sell certain real estate, which was encumbered by the lien of the judgment, applied under section 282 of the Code to have the judgment marked "secured on appeal" so as to release his real estate from the lien of it.

*Francis B. Cutting*, for the motion.

*Charles O. Conor*, opposed.

WHITING, J.—In this case, judgment was entered at special

---

* The facts out of which the action arose are stated 1 *Ante*, 281.

term against the defendant for $16,074 60, on August 5, 1855. From this judgment, an appeal has been taken to the general term, and security given to stay execution.   A motion is now made by the defendant for an order under section 283 of the Code, directing an entry to be made by the clerk on the docket of the judgment of this case that the same is "secured on appeal," so that it shall cease to be a lien on the real property of the defendant; he having sold some of his real estate on which the judgment is a lien, and which he desires to convey.

The motion is resisted by the plaintiffs on the ground that the defendant has at least become very much embarrassed in his pecuniary circumstances, if not insolvent.   No notice of this motion appears to have been given to the sureties upon the undertaking on the appeal.   Although the Code does not direct such notice to be given to them they are materially interested in the application, and are entitled to notice.   If they resisted, the court would not in the exercise of a sound discretion make the order.   They probably rely upon the ability of their principal to pay the judgment, and knew that the lien upon the defendant's real estate was ample, when they executed their undertaking.   Notice should have been given to them of this application.

There is no doubt of the power of the court to direct the entry to be made.   Its exercise is purely discretionary.   It may be done "in such terms as they see fit."   But when done the entry relieves all the real property of the judgment debtor from the lien of the judgment as against purchasers and mortgagees in good faith.   If the defendant had other real estate in this city which he did not propose to sell, it might be questioned whether the court could relieve only such portion as was proposed to be sold.   If it satisfactorily appeared that there was other real estate owned by the defendant, upon which this judgment is a lien of sufficient value to protect the judgment creditor, the court might make order that unless the judgment creditor executed the release of the lien of his judgment upon the piece of real estate sold, the entry authorized by the Code, should be made by the clerk.   For the purpose of this motion, I am to treat the judgment as valid and the appeal as prosecuted in good faith.

This provision of the Code supplies a material defect in the former system. In such a case before the Code, no relief could be obtained by the judgment debtor, without bringing the money into court in satisfaction of the judgment to abide the appeal or writ of error. The court is disposed to give full effect to this section as a remedial one, while at the same time it must take care that the rights of the judgment creditor, and the interests of the sureties are not overlooked.

This is a proper case to go to a referee to inquire into the truth of the petition to ascertain whether the judgment debtor has other real estate subject to the lien of this judgment, of sufficient value, notwithstanding any prior liens thereon, to indemnify the plaintiffs, with liberty to the plaintiffs to examine the sureties, upon the undertaking as to their present abilities to be such sureties; and whether the release of the real estate of the defendant from the lien of the judgment is approved by them, and to report to this court whether in his judgment, in view of the security provided by the undertaking, the whole or any, and if any, what part of the real estate of the defendant ought to be relieved from the lien. The defendants and sureties are to have notice of the proceedings upon such reference and the petitioner is to be at liberty to proceed thereon on one day's notice.

All further questions are reserved until the coming in of the report of the referee.